Larry N. ROOD, Plaintiff–Appellant,

v.

Gordon ENGLAND,* Secretary of the Navy; Chief of Naval Personnel, Washington D.C., Defendants–Appellees.

No. 00–35052.

D.C. No. CV–99–00244–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided Aug. 2, 2001.

---

* Gordon England is substituted for his predecessor, Richard Danzig, as Secretary of the Navy. Fed. R.App. P. 43(c)(2).

Before ALARCÓN, FERNANDEZ, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Larry N. Rood appeals from the district court's order granting summary judgment in favor of Appellees on Rood's petition for review of the decision of the Board for Correction of Naval Records ("BCNR"). Rood contends that the district court erred in determining that he was discharged pursuant to a valid Naval regulation and that his claims of entitlement to pension benefits are non-justiciable. Rood also contends that the district court erred in failing to find that an error in the composition of the Board of Inquiry ("BOI") constituted a structural defect warranting reversal of the BCNR's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I

Because the parties are familiar with the record, we recite only those facts necessary to explain the disposition. We review *de novo* the district court's grant of summary judgment. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). In conducting this review, we must determine whether "viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* We must affirm a decision of the BCNR, however, unless the decision is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Garrett v. Lehman,* 751 F.2d 997, 1006 (9th Cir.1985).

Rood contends that the district court erred in failing to find that his separation from the Naval Reserve was based on an invalid regulation. He argues that SECNAVINST 1920.6A is null and void because it was enacted before the Reserve Officer Personnel Management Act ("ROPMA"), 10 U.S.C. § 14901, *et seq.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

However, Rood has cited no provision of SECNAVINST 1920.6A that conflicts with ROPMA. Accordingly, we conclude that the district court did not err in determining that the BCNR's reliance on SECNAVINST 1920.6A was not arbitrary or contrary to law.

■ Rood also asserts that the district court erred in granting summary judgment because he was not on notice that he was required to report to the Navy that he had been arrested and convicted in 1990 for child molestation in the first degree in a Washington state court. The BCNR found that Rood was "not processed for discharge based on [his] failure to report the conviction, but because of the conviction itself. There is no doubt that [he was] convicted of an extremely serious offense, and that [he was], in fact, guilty of the offense." Rood does not contest this finding on appeal. The BCNR also found that Rood admitted before the BOI that "[a]s a captain in the United States Navy, I knew the Navy would be interested in knowing about a felony conviction . . . ." Finally, the BCNR determined that OPNAVINST 3120.32B, ¶ 510.6 was in effect at the time of Rood's offense, and required Rood to report any detention by civilian authorities. The BCNR did not act arbitrarily or contrary to law in rejecting Rood's claim that his alleged lack of notice warranted reinstatement in the Naval Reserve.

■ Rood next contends that the district court erred in concluding that his claims for retirement benefits under 10 U.S.C. § 14905(a)(2) & (b)(2) are non-justiciable. To determine whether a military dispute is justiciable, this court applies the test developed by the Fifth Circuit in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971). *See Sebra v. Neville*, 801 F.2d 1135, 1141–42 (9th Cir.1986) (applying *Mindes* test to plaintiff's claim that National Guard had improperly transferred him). "The *Mindes* test, as modified by this circuit, declares that an internal military decision is unreviewable unless the plaintiff alleges (a) a violation of the Constitution, a federal statute, or a military regulation; and (b) exhaustion of available intraservice remedies." *Id.* at 1141. "If the plaintiff meets both prerequisites, the court then weighs four factors to determine whether review should be granted: (1) the nature and strength of the plaintiff's claim; (2) the potential injury to the plaintiff if review is denied; (3) the extent to which review would potentially interfere with military functions; and (4) the extent to which military discretion or expertise is involved." *Id.*

10 U.S.C. § 14905(a)(2) provides that "the Secretary of the military department concerned *may* grant a request by the officer [during removal proceedings] . . . for transfer to the Retired Reserve if the officer has completed the years of service required . . . and is otherwise eligible . . . ." (emphasis added). Rood asks this court to exercise the discretion invested in the Secretary of the Navy to declare him eligible for retirement benefits. We conclude that this claim is non-justiciable under the *Mindes* test. Review of Rood's claim that he is eligible for military retirement benefits would interfere with Navy personnel decisions and require us to attempt to resolve questions that involve military discretion and expertise concerning appropriate conduct of a naval officer. We also note that Rood has cited no evidence demonstrating either that he requested a transfer, that he "has completed the years of service required," or that he "is otherwise eligible" for benefits under § 14905(a)(2).

■ 10 U.S.C. § 14905(b)(2) provides that an officer "removed from an active status" by a board of inquiry shall "if eligible for transfer to the Retired Reserve and has completed the years of service

required for retired pay . . . be transferred to the Retired Reserve[.]" The BCNR determined that to be eligible for retirement pay, Rood was required to have 20 years of service. The BCNR found, and Rood does not dispute, that Rood had less than 20 years of service at the time of his discharge. Rood contends, however, that he was eligible for retirement under 10 U.S.C. § 12731a, which provides that the Secretary of the Navy may, in his discretion, decide to provide retirement benefits to otherwise eligible reserves with at least 15 years of service. Rood argues that because he was eligible for discretionary retirement benefits under 10 U.S.C. § 12731a, the Navy was required to retire him with benefits under 10 U.S.C. § 14905(b)(2).[1] The BCNR rejected this contention, noting that Rood was not eligible for early retirement under COM-NAVRESFOR Instruction 1740.1A, which implements § 12731a.

Rood does not contest that he is ineligible for early retirement under COM-NAVRESFOR Instruction 1740.1A, but instead argues that Instruction 1740.1A must be voided "as to Reserve officers as far outside of the authority conferred or withheld by ROPMA." Rood provides no basis nor relevant citation for his contention that Instruction 1740.1A is invalid. Moreover, Rood has not demonstrated that his eligibility for discretionary retirement benefits under § 12731a would entitle him to mandatory benefits under § 14905(b)(2). Rood's claim under § 14905(b)(2) fails.

## II

Rood asserts that the district court erred in granting summary judgment because the BOI's composition did not comply with ROPMA or with SECNAVINST 1920.6A. 10 U.S.C. § 14906(a)(2) provides that "[a]n officer may not serve on a board [of inquiry] . . . unless the officer holds a grade above lieutenant colonel or commander and is senior in grade and rank to any officer considered by the board." The record demonstrates that the three officers who served on Rood's BOI were captains of the same grade as Rood.

Rood relies on *Dilley v. Alexander*, 603 F.2d 914 (D.C.Cir.1979), *clarified by* 627 F.2d 407 (D.C.Cir.1980), for the proposition that the composition of the BOI was a "jurisdictional" defect which rendered the proceedings void. We reject this contention. As *Dilley* made clear, a "jurisdictionally-based analysis is inapposite" to whether an improperly constituted board requires reversal of a decision made by a military BOI outside of the court-martial context. *Id.* at 921.

Alternatively, Rood argues that the composition of the BOI constituted a structural defect which is not amenable to harmless error review. The BCNR determined that Rood waived this claim by failing to raise it before or during his hearing before the BOI. The BCNR noted that a letter setting forth the requirements for serving on a BOI had been introduced in evidence at the BOI, and thus that Rood's counsel "knew or should have known of the requirement." We agree. Rood was on notice of the defect and chose to continue with the hearing. Because we conclude that Rood's decision to proceed with the improperly composed BOI constituted a waiver, we need not determine whether the erroneous composition of the BOI was an error of sufficient magnitude to require

1. We conclude that Rood's claim under 10 U.S.C. § 14905(b)(2) and 10 U.S.C. § 12731a is justiciable insofar as it requires us to decide whether Rood is eligible for mandatory retirement benefits. To the extent that Rood contends that this court should award him discretionary benefits under 10 U.S.C. § 12731a, this claim is non-justiciable for the same reasons as Rood's claim under 10 U.S.C. § 14905(a)(2).

review for "plain or fundamental error." *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148–49 (9th Cir.2001) (holding that "[w]e will review for plain or fundamental error ... where the integrity or fundamental fairness of the proceedings in the trial court is called into serious question."); *see also United States v. Perez*, 116 F.3d 840, 845 (9th Cir.1997) (en banc) (stating that "[f]orfeited rights are reviewable for plain error, while waived rights are not.").

### III

■ Rood argues that the district court erred in failing to find that his separation violated the terms of SECNAVINST 1920.6a because it occurred more than five years after his criminal conduct. SECNAVINST 1920.6a, enclosure 4, ¶ 10(e) provides that "[p]erformance or conduct *identified* more than five years prior to the initiation of processing for separation ... shall not form the basis for processing under this enclosure." (emphasis added). Rood argues that "identified" as used in the regulation actually means "committed" in order to be consistent with the five-year statute of limitations for courts-martial imposed by 10 U.S.C. § 843(b)(1). The BCNR rejected this interpretation, concluding that Rood's "conviction was not identified by the Navy until January 1996, when NCIS discovered it." We agree with the district court that the BCNR's interpretation is not arbitrary or capricious. *See Milas v. United States*, 42 Fed. Cl. 704, 715 (1999) (finding evidence of crimes occurring more than five years before discharge proceedings, but "identified" within five years of proceedings, to be admissible under SECNAVINST 1920.6a, enclosure 4, ¶ 10(e)).

■ Rood also asserts that the district court erred in failing to find that he was eligible for retirement under SECNAVINST 1920.6a at the time of his discharge. Rood relies on SECNAVINST 1920.6a, enclosure 3, ¶ 3(b)(6), which provides that

> "[n]otwithstanding any other provision in this paragraph ... [a] Reserve officer who is entitled to be credited with at least 18 ... years of service ... on the date prescribed for discharge or transfer from an active status, may not be discharged or transferred ... without his or her consent before the ... date on which he or she is entitled to be credited with 20 years of service...."

Rood contends that this language prohibits his involuntary discharge because he had at least 18 years of service at the time of separation.

Paragraph 3 of SECNAVINST 1920.6a, enclosure 3, is entitled "Failure of Selection for Promotion." It provides regulations governing officers who "may be separated or released from active duty for reason of failure of selection and/or years of service ...." Subparagraph 3(b)(6) prohibits discharge of officers with at least 18 years of service based on failure of selection for promotion until they become eligible for retirement. Rood was separated for cause, however, not based on failure of selection for promotion. Accordingly, we conclude that Rood's claim under subparagraph 3(b)(6) fails.

**AFFIRMED.**